UNITED STATES of America,
Plaintiff–Appellee

v.

**Ysauro REYES–ORTIZ, also known as
Jorge Rodas Cruz, also known as Feli-
siano Garcia Monpufur, also known
as Felisiano Garcia Montufur, also
known as Isauro Reyes, Defendant–
Appellant.**

No. 12–51200
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 2013.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office, San Anto-
nio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Pub-
lic Defender, Federal Public Defender's
Office, San Antonio, TX, Donna F. Col-
tharp, Assistant Federal Public Defender,
Federal Public Defender's Office, El Paso,
TX, for Defendant–Appellant.

Before REAVLEY, JONES, and
PRADO, Circuit Judges.

PER CURIAM: *

Ysauro Reyes–Ortiz (Reyes) appeals the
12–month sentence imposed following the
revocation of his supervised release. The
district court ordered the revocation sen-
tence, which was within the Guidelines and
below the statutory maximum term of im-

prisonment, to run consecutively to the 24–
month sentence imposed in Reyes's new
illegal reentry case. Reyes argues that his
revocation sentence is greater than neces-
sary to further the relevant 18 U.S.C.
§ 3553(a) factors of deterring future crimi-
nal conduct and protecting the public.

Because Reyes did not object to the
reasonableness of his revocation sentence
in the district court, review is for plain
error. *United States v. Whitelaw*, 580 F.3d
256, 259–60 (5th Cir.2009). To show plain
error, he must show a forfeited error that
is clear or obvious and that affects his
substantial rights. *Puckett v. United
States*, 556 U.S. 129, 135, 129 S.Ct. 1423,
173 L.Ed.2d 266 (2009). If he makes such
a showing, we have the discretion to cor-
rect the error but only if it seriously af-
fects the fairness, integrity, or public repu-
tation of judicial proceedings. *Id.*

Although in imposing a revocation sen-
tence, the district court is directed to con-
sider the relevant factors enumerated in
§ 3553(a), including the non-binding policy
statements found in Chapter Seven of the
Sentencing Guidelines, *see United States
v. Mathena*, 23 F.3d 87, 90–93 (5th Cir.
1994), the district court has "substantial
latitude in devising revocation sentences
for defendants who violate the terms of
supervised release." *United States v. Mil-
ler*, 634 F.3d 841, 843 (5th Cir.2011) (inter-
nal quotation marks and citation omitted).
Further, the imposition of a consecutive
revocation sentence is both authorized by
statute and preferred under the Guide-
lines. *See* 18 U.S.C. § 3584; U.S.S.G.
§ 7B1.3(f), p.s., & comment. (n. 4).
Reyes's disagreement with the propriety
of the consecutively-imposed sentence is
insufficient to show that the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plainly erred in imposing the sentence or to overcome the presumption of reasonableness afforded to his within-guidelines revocation sentence. *See Puckett,* 556 U.S. at 135, 129 S.Ct. 1423; *United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir.2010); *United States v. Lopez–Velasquez,* 526 F.3d 804, 809 (5th Cir.2008) (recognizing that the presumption of reasonableness afforded to within-guidelines sentences also applies to within-guidelines revocation sentences).

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.